UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID POSCHMANN,

Plaintiff,

v. CASE NO.

CITY NATIONAL BANK OF FLORIDA
as trustee under a certain Trust Agreement
known as Trust No. 2401-2834-00,
PIZZA ALFRESCO, LLC and MIZNER, INC.,

Defendants.
_______________________________/

**COMPLAINT**

Plaintiff, DAVID POSCHMANN, by and through his undersigned counsel, hereby sues the Defendants, CITY NATIONAL BANK OF FLORIDA as trustee under a certain Trust Agreement known as Trust No. 2401-2834-00, PIZZA ALFRESCO, LLC and MIZNER, INC., for injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (hereinafter, the "ADA") and in support thereof states as follows:

**JURISDICTION**

1. This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. § 1331 and §1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon Defendant's violations of Title III of the ADA.

**VENUE**

2. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) because the property that is the subject of this action is situated within this district and the events giving rise to the claims asserted herein occurred in this district.

## PARTIES

3. Plaintiff, David Poschmann, is an individual residing in this district who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities due to the amputation of his right leg in 2012. Plaintiff uses a wheelchair to ambulate. Plaintiff drives his own specially equipped vehicle and has a valid disabled parking permit from the Florida Department of Highway Safety and Motor Vehicles. Plaintiff's access to the premises described below (hereinafter, the "Property"), and his full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property were restricted and limited because of Plaintiff's disability and will be restricted in the future unless and until Defendants are compelled to cure the mobility-related ADA violations that exist at the Property, including those set forth in this Complaint.[1] Plaintiff intends to return to the Property soon to avail himself of the goods and services offered to the public at the Property.

4. Defendants transact business in this judicial district within the State of Florida by, inter alia, being the owner of the Property, a commercial building housing retail shopping and restaurants including **but not limited to** Pizza Alfresco and Renato's (including the adjoining grounds servicing the commercial building) located at Via Mizner at Worth Avenue in Palm Beach, Florida[2]. Specifically, City National Bank of Florida as trustee under a certain Trust Agreement known as Trust No. 2401-2834-00 owns the real property and commercial

---

[1] The term "ADA violations", as used herein, means that the physical elements at issue violated the ADA's regulations and the ADA Standards for Accessible Design, originally published in 1991, as well as the 2010 Standards that became effective on March 15, 2012.

[2] The property addresses for the parcels that constitute Via Mizner include 333 Worth Avenue, 335 Worth Avenue, 337 Worth Avenue, 339 Worth Avenue, 341 Worth Avenue, 343 Worth Avenue, 345 Worth Avenue, 5 Via Mizner, 7 Via Mizner, 8 Via Mizner, 9 Via Mizner, 12 Via Mizner, 14 Via Mizner, 21 Via Mizner, 23 Via Mizner,

buildings, Pizza Alfresco, LLC owns and operates Pizza Alfresco and MIZNER, INC. owns and operates Renato's.

## CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA

5. On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4)).

6. Places of public accommodation were provided with one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if the defendant had ten or fewer employees and gross receipts of $500,000.00 or less).

7. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the *Federal Register* to implement the requirements of the ADA (hereinafter "STANDARDS"). Public accommodations were required to conform to these regulations on or before March 15, 2012.[3]

---

28 Via Mizner, 32 Via Mizner, 33 Via Mizner, 38 Via Mizner, 87 Via Mizner, 88 Via Mizner, 90 Via Mizner, 92 Via Mizner, 96 Via Mizner, and 99 Via Mizner,.

[3] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

8. The Property is a place of public accommodation pursuant to the ADA.

9. Most recently, in April, 2017 Plaintiff attempted to, and to the extent possible, accessed the Property but could not fully do so because of his disability due to the mobility-related ADA violations as well as Defendants' mobility-related discriminatory policies towards the disabled that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including the ADA violations set forth in this Complaint.

10. Plaintiff intends to visit the Property again in the near future in order to utilize the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property, but he will be unable to do so because of his disability due to the mobility-related ADA violations as well as Defendants' mobility-related discriminatory policies towards the disabled that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

11. Defendants have discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property in violation of the ADA and will continue to discriminate against Plaintiff unless and until Defendants implement policies, consistent with the ADA, to accommodate the disabled and are compelled to remove all physical barriers relevant to Plaintiff's disability (i.e., mobility-related) that exist at the Property, thus making the Property accessible to Plaintiff, as required by the ADA.

**COUNT I – FOR INJUNCTION AGAINST**
**CITY NATIONAL BANK OF FLORIDA as trustee**
**under a certain Trust Agreement known as Trust No. 2401-2834-00**

12. Plaintiff realleges and reavers paragraphs 1 through 11 above as if fully set forth herein.

13. A specific, although not exclusive, list of mobility-related unlawful physical barriers and ADA violations encountered and/or known by Plaintiff which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access the Property (including, **but not limited to** Pizza Alfresco and Renato's) and/or fully and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations of the Property, includes (the applicable sections of the STANDARDS are also denoted[4]):

a) Non-compliant restrooms (in violation of STANDARDS 603, 604 and 606);

b) Lack of compliant disabled person signage (in violation of STANDARD 216);

c) Non-compliant disabled person seating spaces and dining surfaces (in violation of STANDARDS 226 and 902);

d) Non-compliant counters and bars whose heights are in excess of the maximum height allowable (in violation of STANDARDS 226, 227, 902 and 904);

e) Non-compliant accessible routes (in violation of STANDARDS 206, 401, 402, 403 and 404);

f) Non-compliant doors, door hardware and maneuvering spaces at doors (in violation of STANDARD 404);

g) Non-compliant floor and ground surfaces and excessively cross sloped exterior routes (in violation of STANDARDS 302, 303, 304, 305, 306 and 404) and

h) Non-compliant level landings at the entrances to the Facility and non-compliant thresholds (in violation of STANDARDS 206, 402, 403, and 404).

---

[4] The 2010 Standards are denoted because the required remediation will occur after March 15, 2012 and thus must comply with these standards.

14. Although the above listing, in and of itself, denied Plaintiff, due to his disability full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property in violation of the ADA, Plaintiff requires an inspection of the Property by an ADA expert to articulate all of CITY NATIONAL BANK OF FLORIDA as trustee under a certain Trust Agreement known as Trust No. 2401-2834-00's specific violations of the STANDARDS relevant to Plaintiff's disability.

15. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and is technically feasible. 42 U.S.C. § 12182(b)(2)(A)(iv) and 42 U.S.C. §12183(a)(2).

16. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until CITY NATIONAL BANK OF FLORIDA as trustee under a certain Trust Agreement known as Trust No. 2401-2834-00 is required to remove the mobility-related physical ADA violations as well as its mobility-related discriminatory policies towards the disabled that exist at the Property, including those set forth herein.

17. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from CITY NATIONAL BANK OF FLORIDA as trustee under a certain Trust Agreement known as Trust No. 2401-2834-00, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

18. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling CITY NATIONAL BANK OF FLORIDA as trustee under a certain Trust Agreement known as Trust No. 2401-2834-00 to implement policies, consistent with the ADA, to accommodate the disabled and to alter the

property to make it readily accessible to and usable by Plaintiff as required by the ADA, and the closing of the Property until such time as the required modifications are completed.

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Defendant, CITY NATIONAL BANK OF FLORIDA as trustee under a certain Trust Agreement known as Trust No. 2401-2834-00, from continuing its mobility-related discriminatory practices, ordering CITY NATIONAL BANK OF FLORIDA as trustee under a certain Trust Agreement known as Trust No. 2401-2834-00 to implement policies, consistent with the ADA, to accommodate the disabled and to remove the mobility-related physical barriers to access and alter the subject Property to make it readily accessible to and usable by Plaintiff as required by the ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT II – FOR INJUNCTION AGAINST PIZZA ALFRESCO, LLC

19. Plaintiff reallages and reavers paragraphs 1 though 11 above as if fully set forth herein.

20. A specific, although not exclusive, list of mobility-related unlawful physical barriers and ADA violations encountered and/or known by Plaintiff which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access Pizza Alfresco and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations of Pizza Alfresco, includes (the applicable sections of the ADA STANDARDS ("STANDARDS") are also denoted[5]):

a) Lack of compliant disabled person directional signage (in violation of STANDARD 216 and 703.4.2);

---

[5] The 2010 Standards are denoted because the required remediation will occur after March 15, 2012 and thus must comply with these standards.

b) Lack of disabled person seating spaces (in violation of STANDARDS 226 and 902);

c) Non-compliant bar whose height is in excess of the maximum height allowable (in violation of STANDARDS 226 and 902);

d) Non-compliant interior route (in violation of STANDARDS 401, 402, 403 and 404) and

e) Non-compliant restroom including but not limited to improper maneuvering space, dispensers located improperly, non-compliant sink, non-compliant door hardware and lack of side grab bar (in violation of STANDARDS 213, 603 and 604);

21. Although the above listing, in and of itself, denied Plaintiff, due to his disability full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at Pizza Alfresco in violation of the ADA, Plaintiff requires an inspection of Pizza Alfresco by an ADA expert to articulate all of Pizza Alfresco, LLC's specific violations of the STANDARDS relevant to Plaintiff's disability.

22. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and is technically feasible. 42 U.S.C. § 12182(b)(2)(A)(iv) and 42 U.S.C. §12183(a)(2).

23. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Pizza Alfresco, LLC is required to remove the mobility-related physical ADA violations as well as its mobility-related discriminatory policies towards the disabled that exist at the Property, including those set forth herein.

24. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Pizza Alfresco, LLC, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

25. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Pizza Alfresco, LLC to implement policies, consistent with the ADA, to accommodate the disabled and to alter Pizza Alfresco to make it readily accessible to and usable by Plaintiff as required by the ADA.

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Defendant, Pizza Alfresco, LLC, from continuing its mobility-related discriminatory practices, ordering it to implement policies, consistent with the ADA, to accommodate the disabled and to remove the mobility-related physical barriers to access and alter Pizza Alfresco to make it readily accessible to and usable by Plaintiff to the full extent required by the ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT III – FOR INJUNCTION AGAINST MIZNER, INC.

26. Plaintiff reallages and reavers paragraphs 1 though 11 above as if fully set forth herein.

27. A specific, although not exclusive, list of mobility-related unlawful physical barriers and ADA violations encountered and/or known by Plaintiff which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access Renato's and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations of Renato's, includes (the applicable sections of the ADA STANDARDS ("STANDARDS") are also denoted[6]):

a) Lack of compliant disabled person directional signage (in violation of STANDARD 216 and 703.4.2);

[6] The 2010 Standards are denoted because the required remediation will occur after March 15, 2012 and thus must comply with these standards.

b) Lack of disabled person seating spaces (in violation of STANDARDS 226 and 902);

c) Non-compliant bar whose height is in excess of the maximum height allowable (in violation of STANDARDS 226 and 902);

d) Non-compliant interior route (in violation of STANDARDS 401, 402, 403 and 404) and

e) Non-compliant restroom including but not limited to improper maneuvering space, dispensers located improperly, non-compliant sink, non-compliant door hardware, non-compliant mirror, lack of rear grab bar and non-compliant flush mechanism (in violation of STANDARDS 213, 603 and 604);

28. Although the above listing, in and of itself, denied Plaintiff, due to his disability full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at Renato's in violation of the ADA, Plaintiff requires an inspection of Renato's by an ADA expert to articulate all of Mizner, Inc.'s specific violations of the STANDARDS relevant to Plaintiff's disability.

29. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and is technically feasible. 42 U.S.C. § 12182(b)(2)(A)(iv) and 42 U.S.C. §12183(a)(2).

30. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Mizner, Inc. is required to remove the mobility-related physical ADA violations as well as its mobility-related discriminatory policies towards the disabled that exist at the Property, including those set forth herein.

31. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Mizner, Inc., including litigation expenses and costs pursuant to 42 U.S.C. §12205.

32. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Mizner, Inc. to implement policies, consistent with the ADA, to accommodate the disabled and to alter Renato's to make it readily accessible to and usable by Plaintiff as required by the ADA.

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Defendant, Mizner, Inc., from continuing its mobility-related discriminatory practices, ordering it to implement policies, consistent with the ADA, to accommodate the disabled and to remove the mobility-related physical barriers to access and alter Renato's to make it readily accessible to and usable by Plaintiff to the full extent required by the ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

s/Drew M. Levitt
DREW M. LEVITT, ESQ.
Florida Bar No: 782246
E-mail: DML2@bellsouth.net
LEE D. SARKIN, ESQ.
Florida Bar No. 962848
E-mail: lsarkin@aol.com
Attorneys for Plaintiff
4700 N.W. Boca Raton Boulevard
Suite 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Facsimile (561) 994-0837